# EXHIBIT A

Hearing Date: 2/15/2024 9:30 AM
Location: Richard J Daley Center
Judge: Wilson, Thaddeus L

Case: 1:24-cv-02596 Document #: 2-4 Filed: 04/01/24 Page 2 of 20 PageID #:10

FILED
10/18/2023 10:47 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH08859
Calendar, 1
24836666

FILED DATE: 10/18/2023 10:47 AM  2023CH08859

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| TEBA STEWART, individually and on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ARAMARK SERVICES, INC., <br><br> Defendant. | Case No. 2023CH08859 <br><br> **CLASS ACTION COMPLAINT** <br><br> Jury Trial Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff Teba Stewart ("**Plaintiff**"), by her undersigned attorneys, on her own behalf and on behalf of all others similarly situated, upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this Class Action Complaint against Aramark Services, Inc. ("**Defendant**") for its violations of Plaintiff's privacy rights guaranteed under the Illinois Genetic Information Privacy Act, 410 Illinois Compiled Statute ("**ILCS**") 513 *et seq.* (hereinafter "**GIPA**"), and allege as follows:

**NATURE OF THE ACTION**

1. Unlocking the human genetic code came with it the potential for hitherto unfathomable medical development. It permitted individuals to learn in detail the possibilities that were hidden within their genome. For the first time, women can now learn whether they are predisposed to get breast cancer; families can trace their genetic lineage back thousands of years, and law enforcement can use DNA samples to identify criminals.

2. However, all of this information can only be obtained if people are willing to allow sharing of genetic information, and that is only possible if people know that their genetic information will not be used against them in future employment, insurance or other situations. For

FILED DATE: 10/18/2023 10:47 AM   2023CH08859

example, few women would want to learn about a predisposition to breast cancer if that meant that they could be barred from certain jobs or prevented from obtaining life insurance.

3.  The Illinois Legislature enacted GIPA in 1998 with the goal to protect Illinois residents from having their genetic information being used against them in employment settings.

4.  Consistent with this goal, GIPA provides strong legal protections to ensure that Illinois residents can take advantage of the knowledge that can be gained from obtaining personal genetic information, without fear that this same information could be used by employers or employment agencies to discriminate against them.

5.  Among its other valuable protections, GIPA prohibits employers and employment agencies from learning or using genetic information in making employment decisions. GIPA bars employers and employment agencies from asking about employees or potential employees' genetic information, prevents them from obtaining this information from third parties, and forbids them from using such information to affect the terms and conditions of employment.

6.  To accomplish this goal, GIPA employs a comprehensive definition of "genetic information" that includes information regarding an individual's family medical history.

7.  Despite GIPA's prohibitions, some companies in Illinois still ask their employees or applicants to provide protected family medical history when making hiring determinations and job assignments in blatant violation of the law.

8.  Defendant chose to repeatedly disregard Illinois' genetic privacy laws by asking their employees or employment candidates to provide genetic information in the form of family medical history to assist the companies in making employment decisions.

9.  Accordingly, Plaintiff seeks on behalf of herself, and all of Defendant's other employment candidates in the state, an order: (i) requiring Defendant to cease the unlawful

FILED DATE: 10/18/2023 10:47 AM 2023CH08859

activities discussed herein; and (ii) awarding actual and/or statutory damages to Plaintiff and the members of the proposed Class.

## PARTIES

10. Plaintiff Teba Stewart is and was at all relevant times of employment with Defendant, an individual citizen of the State of Illinois. Ms. Stewart currently resides in Chicago, Illinois.

11. Defendant is a Delaware corporation headquartered in Philadelphia, Pennsylvania. The company is an employment agency as defined by 410 ILCS 513/10 because it has hiring offices, including an office located at 3113 S. Rhodes Avenue, Chicago, IL 60616 (the "**Chicago Office**") whereat Defendant regularly procures opportunities to work, or to procure, recruit, refer, or place employees. Upon information and belief, Defendant procures employment opportunities for over 1,000 Illinois residents each year.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 of the Illinois Code of Civil Procedure because Defendant conducts business transactions in Illinois and has committed tortious acts in Illinois.

13. Venue is proper in Cook County because Defendant operate throughout this County and "resides" in Cook County within the meaning of 735 ILCS 5/2-102(a).

## ILLINOIS GENETIC INFORMATION PRIVACY ACT ("GIPA")

14. During the 1990s, the U.S. government poured billions of dollars into the Human Genome Project in an attempt to map the entire human genetic code. When President Clinton announced the first successful "rough draft" of the Project in 2000, he hailed it as one of the great

3

FILED DATE: 10/18/2023 10:47 AM   2023CH08859

achievements of human history, and said: "Today we are learning the language with which God created life[.]"[1]

15.     However, like any great leap in human understanding, learning the meaning of people's genetics came with many concerns. One movie released around this time, the dystopian science fiction movie *Gattaca*, attempted to show how this new technology could be abused. The movie conjured a not-too-distant future where genetic discrimination was rampant. In the movie, companies segregated people based on their genetic profiles, those with better genetic profiles (i.e., genetically engineered humans) were eligible for professional employment, while others with less desirable genetics (e.g., susceptibility to heart disease or cancer) were unemployable or relegated to menial jobs. Since its release, the film has been regularly used in schools to show the possible misuses of genetic information.[2]

16.     Illinois stood at the forefront of protecting its citizens from the abuse of this technology when it first passed GIPA in 1998. According to the Illinois Legislature, the intent of GIPA is to protect an individual from their genetic information (such as family medical history) being used against them in a discriminatory manner. Limiting the use or requests for protected genetic information is a key component of health information privacy. 410 ILCS 513/5(1)-(5).

17.     The Illinois Legislature amended GIPA in 2008 to increase its protections and harmonize Illinois state law with the then-recently passed Federal Genetic Information Nondiscrimination Act of 2008 ("**GINA**"), 110 P.L. 233; *see also* 42 U.S.C. § 2000ff. The 2008

---

[1] *Scientists Complete Rough Draft of Human Genome* (N.Y. Times June 26, 2000) *available at* https://archive.nytimes.com/www.nytimes.com/library/national/science/062600sci-human-genome.html?amp;sq=francis%252520collins&st=cse&scp=23.

[2] *What Do People Who Work in Genetics Think About Gattaca 25 Years After Its Release* (Slate Aug. 15, 2022) *available at* https://slate.com/technology/2022/08/gattaca-25th-anniversary-genetics-crispr.html.

FILED DATE: 10/18/2023 10:47 AM 2023CH08859

amendments to GIPA sought to further prohibit discriminatory practices of employers through the use of genetic information of employees, including such employees' family medical history.

18. During discussions of the 2008 GIPA amendments, the Illinois Legislature recognized the importance of safeguarding family medical history due to the fact that it is akin to knowledge of genetic predispositions:

> I hope the [legislature] understands the importance of [family medical history]; it's becoming more and more important. Back in '96 or '97, I had a third generation ovarian cancer survivor that came to me with this issue. … If a woman has … the gene that causes breast cancer, she can have up to an 84 percent probability that she will develop breast cancer sometime in her life … it's important that we help people be able to know that information and know they won't be discriminated against in their employment …. Quite honestly, with genetic information we have today, we could identify a pool of people that … no one would want to employ. [GIPA] helps guarantee that we don't have that kind of discrimination occur.

Illinois House Transcript, 2008 Reg. Sess. No. 276, pp. 33-34.

19. To accomplish the Illinois Legislature's goal of ensuring that genetic information is not used to discriminate against employees, GIPA adopted Congress' definition of "genetic information" that includes not just the narrow results of an individual's genetic tests, but also information regarding "[t]he manifestation of a disease or disorder in family members of such individual[.]" 410 ILCS 513/10; *see* 45 C.F.R. § 160.103.

20. GIPA bars employers and employment agencies from directly or indirectly requesting or using genetic information in hiring, firing, demoting, or in determining work assignment or classifications of applicants or employees. Specifically, GIPA states: "An employer [and employment agency] … shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information of a person or a family member of the person, … as a condition of employment, preemployment application…;

5

>   (2) affect the terms, conditions, or privileges of employment, preemployment application, … or terminate the employment, … of any person because of genetic testing or genetic information with respect to the employee or family member…;
>
>   (3) limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, …; and
>
>   (4) retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 Ill. Comp. Stat. 513/25(c). Nor may an employment agency, employer, or prospective employer enter into an agreement with a person to take a genetic test. 410 ILCS 513/25(d).

21. Even if an employer or employment agency otherwise obtains genetic information lawfully, it still may not use or disclose the genetic information in violation of GIPA. 410 ILCS 513/25(j).

22. In order to enforce these and other requirements, GIPA provides individuals with a broad private right of action, stating: "Any person aggrieved by a violation of this Act shall have a right of action … against an offending party." 410 ILCS 513/40(a). Under this private right of action, a party may recover, for each violation: (a) $2,500 or actual damages, whichever is greater, for a negligent violation, or $15,000 or actual damages, whichever is greater, for a willful violation; (b) reasonable attorneys' fees; and (c) "[s]uch other relief, including an injunction, as the … court may deem appropriate." *Id.*

23. Plaintiff is not required to allege or prove actual damages in order to state a claim under GIPA and can seek statutory damages under GIPA as compensation for the injuries caused

by Defendant. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, at ¶ 40, 432 Ill. Dec. 654, 129 N.E.3d 1197 (holding by the Illinois Supreme Court that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under [the Illinois Biometric Privacy Act ("**BIPA**")] in order to qualify as an 'aggrieved person' under BIPA); *see also Bridges v. Blackstone Grp., Inc.*, 2022 U.S. Dist. LEXIS 121205, at *8 (S. D. Ill. July 8, 2022) (holding that it is appropriate to apply BIPA's definition of "aggrieved person" used by the *Rosenbach* court to alleged violations of GIPA).

24. Thus, GIPA provides valuable privacy rights, protections, and benefits to the citizens of Illinois and provides those citizens with the means to aggressively enforce those rights.

## PLAINTIFF SPECIFIC ALLEGATIONS

### PLAINTIFF TEBA STEWART

25. In or around September 2021, Plaintiff sought to procure employment opportunities through the services of Defendant at the Chicago Office.

26. In or around September 2021 during the application and hiring process, Defendant directly solicited, requested, or required Ms. Stewart to disclose her genetic information in the form of diseases and conditions that had manifested in her family members as a condition of preemployment application.

27. Specifically, in or around September 2021, Ms. Stewart was required to attend a pre-employment interview as a requirement of the hiring process. The interview was conducted at the Chicago Office by an individual who upon information and belief was an employee of Defendant. During the interview, Defendant's employee verbally requested Ms. Stewart to disclose her family medical history, including whether medical conditions with genetic

7

predispositions has manifested in her parents, including cardiac health, cancer, and diabetes, among other ailments.

28. During the interview, Defendant's employee gave Ms. Stewart a written questionnaire and requested Ms. Stewart to provide responses to the questions therein. The questionnaire asked Ms. Stewart to disclose whether various diseases or disorders with a genetic predisposition had manifested in her family members, including whether Ms. Stewart's parents had a history of cardiac health, cancer, and diabetes, among other ailments.

29. After completing the paperwork, Ms. Stewart met with Defendant's employee. During this meeting, Defendant's employee verbally asked Ms. Stewart questions about her medical conditions and history. When asking these questions, Defendant's employee had a file in front of them on their desk and made handwritten notes on the papers in the file as they asked these questions.

30. Among other questions, Defendant's employee verbally asked Ms. Stewart to provide her family medical history. Defendant's employee listed various medical conditions and asked Ms. Stewart to respond by stating whether Ms. Stewart had any of those conditions, or whether any family members on Ms. Stewart's maternal or paternal bloodlines had these conditions. These medical conditions included cardiac health, cancer, and diabetes, among other ailments.

31. In response, Ms. Stewart disclosed genetic information, including her family members' medical histories. Ms. Stewart would not have volunteered her genetic information if Defendant's employee had not asked Ms. Stewart to do so.

32. Ms. Stewart was not directed by Defendant, either verbally or in writing, to not disclose the solicited genetic information. Nor did Ms. Stewart provide prior, knowing, voluntary,

8

and written authorization to Defendant for the use of her genetic information in furtherance of a workplace wellness program.

33. The interview was a condition of employment and/or preemployment application because Defendant required Ms. Stewart to attend this interview in order to be hired.

34. Ms. Stewart was required to disclose her genetic information at the interview as a condition of preemployment application with Defendant.

35. Ms. Stewart's hiring was conditioned upon successful completion of the interview, which required her to provide her genetic information to Defendant.

**DEFENDANT VIOLATES GIPA AS A MATTER OF COURSE**

36. Based on Plaintiff's experiences, she believes that, during the hiring process, Defendant asks employees and/or prospective employees to provide family medical histories as a condition of employment and/or as part of its hiring process.

37. Plaintiff understands, on information and belief, that Defendant, or agents on its behalf, requests this family medical history information for the purpose of evaluating the risk that the individual may have inherited genetic conditions from family members, and then improperly uses that information when making its hiring decisions and staffing assignments.

38. On information and belief, Defendant requests this family medical history information as part of an effort to avoid risk and/or liability for workplace injuries and/or deaths caused by genetic conditions, including but not limited to hypertension, cancer, heart conditions, diabetes, and stroke, which Defendant believes could be inherited and that could be exacerbated by workplace conditions, especially if these conditions are high-stress and/or physically demanding.

9

39. Defendant was or should have been aware of its obligations under GIPA. Nevertheless, Defendant intentionally and/or recklessly captured, collected, and/or retained Plaintiff's genetic information in the form of her family medical history in violation of Illinois law.

40. As a result, Defendant's violations were willful because they knew, or reasonably should have known, that they were failing to comply with the above-described requirements of GIPA.

## CLASS ACTION ALLEGATIONS

41. **Proposed Class Definition**: Plaintiff brings this action pursuant 735 ILCS 5/2-801 on behalf of herself and the following class (the "**Class**") of similarly situated individuals, defined as follows:

42. The Class brought by Plaintiff consists of:

> All individuals in Illinois, from the date within five years prior to the filing of this action, (1) who utilized the services of Defendant to procure employment opportunities or applied for employment with Defendant, and (2) from whom Defendant, or an agent acting on its behalf, requested and/or obtained genetic information, including family medical history, in connection with the person's procurement of employment opportunities or application for employment with Defendant.

Excluded from the Class are Defendant's officers and directors, Plaintiff's counsel, and any member of the judiciary presiding over this action.

43. Plaintiff reserves the right to modify these class definitions as they obtain relevant information, including employment records, through discovery.

44. **Numerosity:** The exact number of class members is unknown and is not available to Plaintiff at this time, but upon information and belief Defendant employs or procures employment opportunities for approximately 1,000 people in Illinois, and it is believed that all or

10

most of those individuals will fall within the proposed Class. It is further believed that there are at least 100 individuals that meet the class definition. Therefore, it is clear that individual joinder in this case is impracticable. Proposed Class members can easily be identified through Defendant's employment records.

45. **Common Questions:** There are several questions of law and fact common to the claims of Plaintiff and the proposed Class members, and those questions predominate over any questions that may affect individual proposed Class members. Common questions include, but are not limited to, the following:

   a. whether Defendant, or an agent acting on behalf of Defendant, solicited, requested, captured or collected family medical history of prospective employees;

   b. whether Defendant, or an agent acting on behalf of Defendant, solicited, requested, captured or collected family medical history of existing employees;

   c. whether Defendant obtained genetic information from Plaintiff and the Class by asking for family medical history; and

   d. whether Defendant's solicitation, request, collection, or use of genetic information constituted a violation of GIPA.

46. **Typicality**: Plaintiff's claims are typical of the claims of the proposed Class members. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the proposed Class.

47. **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained competent counsel experienced in complex litigation and class action litigation. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

48. **Superiority:** Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Even if proposed Class members were able or willing to pursue such individual litigation, a class action would still be preferable given that a multiplicity of individual actions would likely increase the expense and time of litigation in light of the complex legal and factual controversies presented in this Class Action Complaint. A class action, on the other hand, provides the benefits of fewer management difficulties, single adjudication, economy of scale, and comprehensive supervision before a single court, and would result in reduced time, effort and expense for all parties and the Court, and ultimately, the uniformity of decisions.

## COUNT I
## VIOLATION OF 410 ILCS 513/25
### SOLICIT, REQUEST, AND/OR REQUIRE GENETIC INFORMATION OF A PERSON OR A FAMILY MEMBER OF A PERSON AS A CONDITION OF EMPLOYMENT OR PRE-EMPLOYMENT APPLICATION

49. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50. Defendant is a corporation that has hiring offices at which Defendant regularly procures opportunities to work, or to procure, recruit, refer, or place employees and therefore meets the definition of an "employment agency" under 410 ILCS 513/10.

51. Family medical history includes the "manifestation or possible manifestation of a disease or disorder in a family member of [an] individual" and is incorporated into the definition of "genetic information" under 410 ILCS 513/10 and 45 C.F.R. § 160.103.

52. Plaintiff was individually asked to provide, and did provide, her family medical history as a condition of employment and/or preemployment application during the application and hiring process to procure employment opportunities with Defendant.

12

53. Defendant, or an agent acting on its behalf, solicited, requested, or required Plaintiff to disclose family medical history as a condition of employment or preemployment application during the application and hiring process.

54. Defendant directly solicited or requested Plaintiff to disclose her family medical history in the form of medical conditions with a genetic predisposition which had manifested in her parents, including cardiac health, cancer, and diabetes, during a pre-employment interview as a condition of employment during the application and hiring process.

55. Defendant failed to direct Plaintiff, either verbally or in writing, not to provide genetic information when requested to provide her family medical history.

56. Plaintiff and the proposed Class members were aggrieved by Defendant's violations of its statutorily protected rights to privacy in their genetic information, as set forth in GIPA, when Defendant directly solicited or requested them to disclose their genetic information as a condition of ongoing employment or a condition of a pre-employment application with third parties.

57. By directly soliciting or requesting Plaintiff and the proposed Class members to provide their genetic information as described herein, Defendant violated Plaintiff's and the proposed Class members' rights to privacy in their genetic information as set forth in GIPA.

58. Because Defendant knew, or reasonably should have known, that soliciting or requesting family medical history from an employee in Illinois violated GIPA, its actions in violating GIPA were willful.

59. On behalf of herself and the proposed Class members, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the proposed Class by requiring Defendant to comply with GIPA as described herein;

13

FILED DATE: 10/18/2023 10:47 AM 2023CH08859

(3) statutory damages of $15,000 or actual damages, whichever is greater, for each intentional and/or reckless violation of GIPA pursuant to 410 ILCS 513/40(2) or, in the alternative, statutory damages of $2,500 or actual damages, whichever is greater, for each negligent violation of GIPA pursuant to 410 ILCS 513/40(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 410 ILCS 513/40(3).

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff, individually and on behalf of the proposed Class of similarly situated individuals, prays for an Order as follows:

A. Finding this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801 and certifying the proposed Class as defined herein;

B. Designating and appointing Plaintiff as representative of the proposed Class and Plaintiff's undersigned counsel as Class Counsel;

C. Declaring that Defendant's actions, as set forth above, violate GIPA;

D. Awarding Plaintiff and the proposed Class members statutory damages of $15,000 or actual damages, whichever is greater, for *each* intentional and/or reckless violation of GIPA pursuant to 410 ILCS 513/40(2), or statutory damages of $2,500 or actual damages, whichever is greater, for *each* negligent violation of GIPA pursuant to 410 ILCS 513/40(1);

E. Declaring that Defendant's actions, as set forth above, were intentional or reckless and/or declaring that Defendant's actions, as set forth above, were negligent;

F. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the proposed Class, including an Order prohibiting Defendant from soliciting, requesting and/or requiring genetic information as a condition of employment or in a pre-employment application pursuant to GIPA;

G. Awarding Plaintiff and the proposed Class members reasonable attorneys' fees and costs incurred in this litigation pursuant to 410 ILCS 513/40(3);

H. Awarding Plaintiff and the proposed Class pre- and post-judgment interest, to the extent allowable; and

I. Granting all such other and further relief as the Court deems just and appropriate.

FILED DATE: 10/18/2023 10:47 AM 2023CH08859

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: October 18, 2023		Respectfully submitted,

*/s/ Edward Wallace*
Edward A. Wallace
Mark R. Miller
Molly C. Wells
WALLACE MILLER
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
T. (312) 261-6193
E. eaw@wallacemiller.com
  mrm@wallacemiller.com
  mcw@wallacemiller.com
Firm ID: 65958

David J. DiSabato*
Kyle D. McLean (SBN 6344126)
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
T. (212) 532-1091
E. ddisabato@sirillp.com
   kmclean@sirillp.com

COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASS

*(*Pro Hac Vice* To Be Filed)

15

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

Case: 1:24-cv-02596 Document #: 1-1 Filed: 04/01/24 Page 17 of 20 PageID #:25

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| | | For Court Use Only |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT**<br><br>Cook ▼ **COUNTY** | **SUMMONS** | FILED<br>10/20/2023 1:39 PM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2023CH08859<br>Calendar, 1<br>24880551 |

FILED DATE: 10/20/2023 1:39 PM  2023CH08859

| **Instructions ▼** | |
|---|---|
| Enter above the county name where the case was filed. | Teba Stewart et al.<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/Respondents. | Aramark Services, Inc.<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2023CH08859
**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms.  You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons*, *Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | 1. | **Defendant/Respondent's address and service information:** |
|---|---|---|
| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | a. | Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*: Aramark Services, Inc.<br>Registered Agent's name, if any: Danyale Johnson<br>Street Address, Unit #: 27310 Network Place<br>City, State, ZIP: Chicago, IL 60673<br>Telephone: _____ Email: _____ |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. | If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last)*: _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In **1c,** check how you are sending your documents to Defendant/ Respondent. | c. | Method of service on Defendant/Respondent:<br>☑ Sheriff    ☐ Sheriff outside Illinois: _____<br>*County & State*<br>☐ Special process server    ☐ Licensed private detective |

| | | |
|---|---|---|
| In **2**, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:**<br>Amount claimed: $ 50,000.00 |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** | **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: Mark R. Miller<br>Street Address, Unit #: 150 N Wacker Dr. Suite 1100<br>City, State, ZIP: Chicago, IL 60606<br>Telephone: (312) 261-6193   Email: mrm@wallacemiller.com |

FILED DATE: 10/20/2023 1:39 PM 2023CH08859

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| | | |
|---|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** | **Instructions for person receiving this *Summons* (Defendant):** |
| | ☑ a. | To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address: Richard J. Daley Center 50 W Washington St.<br>City, State, ZIP: Chicago, IL 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b. | **Attend court:**<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>    *Date*         *Time*                       *Courtroom*<br>**In-person at:**<br>_____<br>*Courthouse Address*   *City*   *State*   *ZIP*<br>OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>    *Call-in number for telephone remote appearance*<br>By video conference: _____<br>    *Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>    *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>    *Website* |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | | |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br>**Clerk of the Court:** 10/20/2023 1:39 PM IRIS Y. MARTINEZ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

FILED DATE: 10/20/2023 1:39 PM 2023CH08859

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|
| Cook ▼ COUNTY | | |

**Instructions**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/Respondents.

Enter the Case Number given by the Circuit Clerk.

Teba Stewart et al.
_____
**Plaintiff / Petitioner** *(First, middle, last name)*

v.

Aramark Services, Inc.
_____
**Defendant / Respondent** *(First, middle, last name)*

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

2023CH08859
_____
**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**
_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:
        Male ☐    Female ☐    Non-Binary ☐    Approx. Age: _____ Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____
        And left it with: _____
        *First, Middle, Last*
        Male ☐    Female ☐    Non-Binary ☐    Approx. Age: _____ Race: _____
        and by sending a copy to this defendant in a postage-paid, sealed envelope to the
        above address on _____ , 20 _____ .

    ☐ On the Corporation's agent, _____
        *First, Middle, Last*
        Male ☐    Female ☐    Non-Binary ☐    Approx. Age: _____ Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address: _____
        City, State, ZIP: _____

FILED DATE: 10/20/2023 1:39 PM    2023CH08859

Enter the Case Number given by the Circuit Clerk: 2023CH08859

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**                                         **FEES**

*Signature by:* _____    Service and Return: $ _____
☐ Sheriff                                       Miles _____     $ _____
☐ Sheriff outside Illinois:                     Total                $ 0.00
   _____
   *County and State*
☐ Special process server
☐ Licensed private detective

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____